No. 82,681

In the Matter of RICHARD WILLIAM PARKER, *Respondent*.
(985 P.2d 124)

Opinion filed July 9, 1999.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for petitioner.

*David W. Boal*, of Kansas City, argued the cause for respondent, and *Richard W. Parker*, respondent, appeared pro se.

*Per Curiam*: This is an original uncontested attorney discipline case filed by the office of the Disciplinary Administrator against Richard William Parker of Shawnee Mission, Kansas, an attorney licensed to practice law in Kansas. The complaint alleged that Parker had violated KRPC 1.3 (1998 Kan. Ct. R. Annot. 288) (diligence); KRPC 1.4 (1998 Kan. Ct. R. Annot. 296) (communication); KRPC 1.15 (1998 Kan. Ct. R. Annot. 333) (safekeeping property); KRPC 3.2 (1998 Kan. Ct. R. Annot. 351) (expediting litigation); KRPC 8.1 (1998 Kan. Ct. R. Annot. 382) (cooperation on disciplinary matters); and KRPC 8.4 (1998 Kan. Ct. R. Annot. 386) (misconduct). The complaint also alleged that Parker violated Supreme Court Rules 203(c) (1998 Kan. Ct. R. Annot. 210) (notification when charged with a felony crime) and 207 (1998 Kan. Ct. R. Annot. 222) (failure to cooperate), and his oath of office.

At the hearing before the disciplinary panel, Parker stipulated to the misconduct alleged in the complaint. He attributed the misconduct to alcohol abuse and depression. The Disciplinary Administrator recommended to the panel that Parker be disbarred. The panel recommended suspension from the practice of law for a period of 18 months from June 17, 1998, the date of Parker's temporary suspension from the practice of law.

In May 1995, Parker received inpatient treatment at Valley Hope Center in Atchison, Kansas. He also participated in the aftercare program. After the treatment program, Parker was sober for 1 year.

In July 1995, Parker began representing Elizabeth Fox, a woman of approximately 92 years who had been injured by a sliding door at a grocery store in Kansas City, Missouri. Parker was not admitted to the Missouri bar, but at that time he was associated with a lawyer who was licensed to practice in Missouri, and he planned to make his associate lead counsel when he filed the case. However, Parker's associate left the firm in 1996. Parker did no work on the case for more than a year, other than to make attempts to locate a Missouri attorney to take the case. In December 1997, Ward Katz, on behalf of his friend Elizabeth Fox, wrote a letter of complaint to the Disciplinary Administrator regarding Parker's lack of communication.

On May 6, 1996, Parker was arrested by the Merriam, Kansas, police on charges of driving with a blood alcohol concentration (BAT) exceeding .08, illegal and expired tag, driving on a suspended license, possession of cocaine, possession of drug paraphernalia, battery on a law enforcement officer, and obstruction of official duty.

On December 15, 1996, Parker was arrested on charges of battery and criminal trespass for his conduct in attempting to enter a private residence where his former girlfriend was living. A two-count complaint was filed in Johnson County District Court on December 16, 1996. On April 10, 1997, Parker entered a plea of no contest to the battery count, and the criminal trespass count was dismissed. The court found Parker guilty and ordered him to serve 12 months' probation and pay court costs.

In the spring of 1997, Parker was retained by Mark and Margaret Smith to submit an offer of compromise regarding an amount owed by the Smiths for past due taxes. Parker failed to submit the offer until September 29, 1997. The Smiths filed a complaint with the Disciplinary Administrator in the fall of 1997.

In July 1997, Parker was retained by Jason and Jennifer Closser to file a Chapter 7 bankruptcy petition. Parker did not file the petition for several months, exposing the clients to continued collection activity. The Clossers filed a complaint with the Disciplinary Administrator. The bankruptcy case was eventually concluded with no financial detriment to the Clossers.

In September 1997, Parker reentered Valley Hope for an intensive outpatient relapse prevention treatment program.

On November 5, 1997, Parker was arrested for driving under the influence in Overland Park, Kansas, and was found to have a BAT in excess of .23. As a result, Parker's probation was revoked and reinstated.

On March 9, 1998, almost 2 years after his 1996 arrest in Merriam, Parker was convicted by a jury of all the charges except the battery count. The journal entry, filed May 27, 1998, erroneously indicated that Parker was convicted of felony obstruction of official duty. The charge was actually a misdemeanor.

Parker failed to notify the Disciplinary Administrator's office of the felony charge or conviction (possession of cocaine) as required by Supreme Court Rule 203(c)(1). In his trial to the district court and before the panel, Parker maintained that he was so intoxicated on the evening of the arrest that he picked up a pack of cigarettes belonging to another individual which contained a small quantity of cocaine concealed in the package. On June 26, 1998, Parker was sentenced to 10 months in the county jail and ordered to pay $2,525 in fines (with $1,525 suspended) and court costs of $143.40. An appeal of the 1998 convictions and sentences is currently pending before the Kansas Court of Appeals.

Due to the felony conviction, on June 17, 1998, Parker was temporarily suspended from practicing law by order of the Kansas Supreme Court pursuant to Supreme Court Rule 203(c)(4). On November 27, 1996, the Chief Deputy Disciplinary Administrator wrote Parker requesting a response in 7 days to allegations filed by a Johnson County Assistant District Attorney. No response was received.

The Disciplinary Administrator filed a 5-count complaint against Parker on February 9, 1999, alleging: (I) Parker was charged with and convicted of a felony, and he failed to report the charge or conviction to the Disciplinary Administrator or to respond to the Disciplinary Administrator's inquiries regarding the felony; (II) Parker had been arrested and convicted of charges of battery and criminal trespass. Parker was sentenced to probation, which was subsequently revoked and reinstated due to an arrest for driving

under the influence; (III) Parker failed to expeditiously file the Clossers' bankruptcy petition or to communicate with the Clossers regarding the delay; (IV) Parker failed to timely file the offer of compromise with the Internal Revenue Service for Mark and Margaret Smith, and he failed to return their telephone calls and files when requested; (V) Parker failed to diligently and expeditiously resolve the Elizabeth Fox case or to communicate with Fox regarding her case.

There were no allegations relating to misuse of client funds in the complaint filed by the Disciplinary Administrator. At the hearing before the disciplinary panel on December 17, 1998, Parker stipulated to the facts alleged by the Disciplinary Administrator with the exception of the allegation in Count II that on April 10, 1997, he had pled no contest to criminal trespass. The Disciplinary Administrator moved to amend the complaint to allege that Parker had pled no contest to battery.

Since Parker took no other issue with the factual allegations, the panel focused on evidence of mitigation and aggravation. The Disciplinary Administrator pointed out that Parker had no prior disciplinary offenses or prior complaints, Parker's offenses were not motivated by a dishonest or selfish motive, and that other than in failing to respond to the Disciplinary Administrator's questions regarding the felony conviction, Parker had been candid and cooperative in stipulating and admitting to the facts in the complaint. Regarding aggravating factors, the Disciplinary Administrator pointed out that the multiple allegations showed a pattern of misconduct, and Parker was not inexperienced in the practice of law when the violations occurred. The Disciplinary Administrator recommended disbarment based on the fact that Parker had been convicted of a felony.

Several of Parker's former clients wrote letters of support for Parker. Parker spoke on his own behalf and assured the panel that he was a recovering alcoholic who had made serious mistakes, but that through treatment and therapy he had been sober for more than a year. Parker testified that his failure to respond to the allegations regarding the felony was upon advice of counsel under Rule 223 (1998 Kan. Ct. R. Annot. 264) excepting self-incrimina-

tion. Parker acknowledged that he should have informed the Disciplinary Administrator he would not testify.

The panel expressed reservations regarding disbarment because Parker's convictions were pending on appeal. Chairman McCamish opined, "What if this Panel finds a violation based upon a conviction and that conviction is reversed, where does that put us?" The panel asked Parker whether he preferred to remain on temporary suspension until the disposition in his felony case or whether he preferred to resolve the disciplinary matters expeditiously. The panel assured Parker that his preference was not binding on the panel. Parker noted that his case could be pending in the appellate court for 2 or 3 years; therefore, he preferred to resolve the disciplinary issues expeditiously.

The panel stated:

"[T]his Panel is unanimously convinced that the facts of this particular case do not warrant a recommendation that Respondent Richard Parker be disbarred. This is clearly not a case of dishonesty, clearly not a case of malicious intent; clearly not a case of the shoddy practice of law without explanation. This *is* clearly a case of human frailty. It appears abundantly clear to the Panel that Mr. Parker is well down the road to recovery from the effects of his frailty and ready to become a productive member of society and of the legal profession."

The panel recommended that Parker be temporarily suspended from the practice of law for 18 months, said suspension to commence on June 17, 1998, the date of Parker's temporary suspension from the practice of law in the state of Kansas.

We hold that the findings and conclusions of the hearing panel are supported by clear and convincing evidence. After a careful review of the record, because of the serious nature of the respondent's actions, this court has determined not to accept the recommendation of the disciplinary panel.

IT IS THEREFORE ORDERED that Richard William Parker be and he is hereby disciplined for violations of KRPC 1.3, 1.4, 1.15, 3.2, 8.1, and 8.4; Supreme Court Rules 203(c) and 207; and his oath of office.

IT IS FURTHER ORDERED that Richard William Parker be indefinitely suspended from the practice of law in the State of Kansas effective June 17, 1998.

IT IS FURTHER ORDERED that Richard William Parker shall comply with Supreme Court Rule 218 (1998 Kan. Ct. R. Annot. 246) and shall pay the costs of this action.